AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 24 2019

MITCHELL R. ELFERS
CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jeremy KLINE | ) | Case No. 19-MJ-2231 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 15, 2018** in the county of **Bernalillo** in the District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | On or about January 15, 2018, Jerelym KLINE, a convicted felon, possessed a firearm that traveled in and affected interstate commerce. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Samuel Supnick, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/24/2019

*Judge's signature*

JOHN F. ROBBENHAAR
*Printed name and title*

United States Magistrate Judge

City and state: Albuquerque, NM

Criminal Complaint - Continued.

United States of America
            V.
Jeremy KLINE
SSN: 7872

1. I, Samuel Supnick, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been employed with ATF since January of 2017. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18 and 26, United States Code.

3. Through the ATF, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, as well as the Special Agent Basic Training Program at the ATF National Academy. During these programs, I received instruction in and practiced the investigation of violations of federal firearms, explosives, and arson statutes. Prior to employment with ATF, I served for three and a half years as a local police officer. My training and experience has involved, among other things: (1) the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the purchase, possession, distribution, and transportation of firearms and of the laundering and concealment of proceeds of firearms and drug trafficking; (2) surveillance; (3) analysis and processing of documentary, electronic, and physical evidence; (4) the legal and illegal purchase of firearms; (5) the execution of arrest and search warrants seeking firearms and narcotics (6) and firearms trafficking.

4. The statements contained in this affidavit are based, in part, on information provided by Special Agents and/or Task Force Officers of the ATF and other law enforcement officers, and on my background and experience as a Special Agent of the ATF.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. Your Affiant reviewed Bernalillo County Sheriff's Office (BCSO) reports pertaining to the arrest of Jeremy KLINE, previously convicted felon, in relation to the recovery of a firearm.

Criminal Complaint - Continued.

United States of America
V.
Jeremy KLINE
SSN: 7872

7. Your Affiant learned that during the evening of January 15, 2018, a BCSO deputy responding to a call for service observed a white Buick bearing New Mexico registration 559TJB. The vehicle was first observed in the area of the intersection of Isleta Boulevard SW and Lakeview Road SW. The BCSO deputy observed that one of the vehicle's taillights was broken and emitting white light instead of red light. Upon checking a law enforcement database, the deputy learned that the vehicle was reported stolen.

8. While catching up to the vehicle, but prior to activating his vehicle's emergency equipment, the BCSO deputy observed the Buick traveling at a high rate of speed with its headlights off. An additional BCSO vehicle began to follow the Buick, with both BCSO vehicles activating their emergency equipment. The Buick continued to travel at a high rate of speed, eventually crashing through a fence and into a field on the west side of Coors Boulevard. The driver and sole occupant of the vehicle, later identified as Jeremy KLINE, was observed moving around inside of the vehicle before fleeing on foot through the field. KLINE was taken into custody by BCSO deputies after eventually complying with commands to stop.

9. During an inventory search of the vehicle prior to it being towed, an SAR Arms, model SARK2P, 9mm Luger semiautomatic pistol, loaded with a magazine containing ten (10) rounds of 9mm ammunition was recovered on the front driver's side floorboard. The pistol's chamber was empty at the time of its recovery. BCSO reports state that the firearm bore a serial number of T1102-13C2383; however, when viewed by your Affiant, the serial number of the firearm appeared to have been obliterated. Your Affiant observed the characters "T1102-13C02383" on or around the chamber of the firearm.

10. KLINE was later advised of his rights per Miranda by a BCSO deputy. KLINE stated that he did not want to talk and that he had nothing to say. KLINE stated that he was schizophrenic and bipolar. According to the BCSO report, KLINE stated that he knew nothing of the weapon inside the vehicle. After being provided water, KLINE stated to the BCSO deputy that he was going to give his lady a ride. KLINE informed the deputy that another person had been in the vehicle with KLINE in it, but that person had pulled over and told KLINE to take the car when the person observed the police behind them.

11. An ATF Special Agent function tested the above firearm and determined the firearm functioned as designed. Further, it is your Affiant's knowledge that the above firearm was not manufactured in the State on New Mexico and was found in the State of New Mexico; therefore affecting interstate commerce.

Page 4 of 5 Pages

Criminal Complaint - Continued.

United States of America
V.
Jeremy KLINE
SSN: 7872

---

12. Your Affiant determined that KLINE has been convicted of several prior felonies in the Second Judicial District of New Mexico, to include two counts of Attempt to Commit a Felony, to wit: Aggravated Burglary (Deadly Weapon) (D-202-CR-201501888); Escape from Peace Officer (D-202-CR-201305581); Possession of a Controlled Substance (D-202-CR-201304643); Conspiracy to Commit Armed Robbery and Possession of a Firearm or Destructive Device by a Felon (D-202-CR-200605543); Escape from Jail Inmate Release Program (D-202-CR-200600430); Trafficking (by Possession with Intent to Distribute) (Cocaine) (D-202-CR-200500446); Possession of a Controlled Substance (Cocaine) (D-202-CR-200402618); Receiving or Transferring a Stolen Vehicle (Possession) (D-202-CR-200502840); Fraud by Worthless Check ($25 or Over) (D-202-CR-200502839) and Possession of a Firearm or Destructive Device by a Felon (D-202-CR-200604288). Your Affiant also determined that KLINE has also been convicted of 18 U.S.C. 1708 Theft or Receipt of Stolen Mail Generally (1:09CR00318-002JEC) in the United States District Court for the District of New Mexico. Your Affiant also determined that KLINE was convicted of Possession of a Controlled Substance 1 gram or less in case number D0162004CR002434 in the Denver County, Colorado District Court.

13. On February 28, 2019, your Affiant obtained a Federal Search and Seizure Warrant for buccal swabs from Jeremy KLINE. Your Affiant executed this warrant on March 6, 2019 at the Northeast New Mexico Detention Facility. Your Affiant did not question KLINE, but KLINE made statements denying knowledge of a firearm in the vehicle. Also on March 6, 2019, your Affiant transported the buccal swabs obtained from KLINE, as well as other items of evidence in this investigation, to the New Mexico Department of Safety Northern Forensic Lab. Your Affiant transferred these items to the custody of the lab for forensic analysis.

14. On June 5, 2019, your Affiant received a digital copy of a Laboratory Report from the New Mexico Department of Public Safety Forensic Laboratories in reference to deoxyribonucleic acid (DNA) results, conclusions, opinions and interpretations. Your Affiant learned that a DNA mixture of at least two individuals was obtained from the SAR Arms handgun. According to the Laboratory Report, the major DNA profile resolved from that mixture matched the DNA profile from Jeremy KLINE. No interpretation or comparisons could be made regarding the minor component of the mixture due to an insufficient quantity of DNA in the sample.

15. On July 3, 2019, your Affiant reviewed a copy of a Laboratory Report from the New Mexico Department of Public Safety Forensic Laboratories in reference to Latent Prints/AFIS results, conclusions, opinions and interpretations. According to the

Page 5 of 5 Pages

Criminal Complaint - Continued.

United States of America
                V.
Jeremy KLINE
SSN: 7872

Laboratory Report, the black colored magazine contained areas of ridge detail insufficient for comparative analysis. No latent impressions were found or developed on the ammunition.

16. Based upon these facts, your Affiant opines there is probable cause to believe that Jeremy KLINE, a previously convicted felon, possessed a firearm that has traveled in interstate commerce, in violation of Title 18 U.S.C. § 922(g)(1)

Respectfully submitted,

Samuel Supnick
Special Agent
ATF

Subscribed and sworn to before me
on July 24, 2019:

UNITED STATES MAGISTRATE JUDGE